**Henry W. PARSON, Plaintiff–Appellant,**

Charley M. Huckaby, Intervening Plaintiff–Appellant,

v.

UNION UNDERWEAR COMPANY, INC, doing business as Fruit of the Loom; Union Underwear Pension Plan, Defendants–Appellees.

No. 02–5711.

United States Court of Appeals, Sixth Circuit.

April 12, 2004.

E. Douglas Richards, Lexington, KY, for Plaintiff–Appellant and Intervenor–Appellant.

Mitzi D. Wyrick, Wyatt, Tarrant & Combs, Louisville, KY, for Defendants–Appellees.

Before CLAY and COOK, Circuit Judges; and STAFFORD, District Judge.*

COOK, Circuit Judge.

Appellants Wayne Parson and Charley Huckaby are former employees of the Union Underwear plant in Campbellsville, Kentucky, which closed in 1999. When the plant shut down, both Parson and Huckaby were on approved medical leave. Both eventually applied for, and were denied, disability retirement benefits under the company's pension plan, prompting them to sue Union Underwear and its pension plan under 29 U.S.C. §§ 1001 *et seq.*

* The Honorable William Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

(ERISA) to compel the payment of these benefits. The district court dismissed without prejudice Parson's claim, citing failure to exhaust available administrative remedies, and affirmed the pension plan committee's denial of benefits to Huckaby. Parson and Huckaby appeal these decisions. We reverse the district court's dismissal of Parson's claim and affirm the decision upholding the denial of Huckaby's claim.

## I.

### A. Parson

Parson argues that the district court erred in dismissing his cause of action based on his failure to exhaust administrative remedies. We review the district court's decision for abuse of discretion. *Stevens v. Employer–Teamsters Joint Council No. 84 Pension Fund,* 979 F.2d 444, 459 (6th Cir.1992).

▆ Union Underwear's pension policy specifies that "[a]ny claim for benefits which are not received shall be made in writing to the Committee." Parson concedes that although he submitted several requests for disability retirement benefits to company employees, he never submitted claims to the pension plan committee. The parties stipulated, however, that Parson "made requests for disability retirement benefits under the Union Underwear Pension Plan" and that his "requests were denied, and those denials were reviewed and confirmed." (Appellee's Br. at 5 (noting stipulations).) These stipulations of fact bind the parties as well as courts. *H. Hackfeld & Co. v. United States,* 197 U.S. 442, 447, 25 S.Ct. 456, 49 L.Ed. 826 (1905); *Fed. Deposit Ins. Corp. v. St. Paul Fire & Marine Ins. Co.,* 942 F.2d 1032, 1038 (6th Cir.1991) ("Stipulations voluntarily entered by the parties are binding, both on the district court and on [the appellate court].").  Furthermore, by agreeing to these stipulations, Union Underwear both waived the exhaustion requirement and signaled the futility of requiring Parson to resubmit his claim for benefits. *See Stevens,* 979 F.2d at 459 ("The doctrine of exhaustion is not absolute in cases involving challenges to pensions. Courts have held that despite the usual applicability of the exhaustion requirement, there are occasions when a court is obliged to exercise its discretion[,] the most familiar example[ ] perhaps being when resort to the administrative route is futile." (citation and internal punctuation omitted)).  Thus, we conclude that the district court abused its discretion in dismissing Parson's claim for failure to exhaust administrative remedies.

### B. Huckaby

#### 1. Standard of Review

Huckaby argues that the district court erred in applying the arbitrary and capricious standard of review to the pension plan committee's decision denying him disability retirement benefits. This court reviews de novo the district court's determination of the proper standard of review. *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 380 (6th Cir.1996).  A district court reviews de novo an ERISA plan administrator's decision regarding benefits, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).  If the administrator has such discretionary authority, the court applies the "arbitrary and capricious" standard of review. *Id.*

The parties agree that Union Underwear's plan gives the administrative committee this discretionary authority. Huckaby contends, however, that because the

committee delayed in responding to his claim, the district court should have applied the de novo standard. We find it unnecessary to decide this issue because under either standard, Huckaby does not satisfy the plan's requirements.

### 2. Huckaby Does Not Meet the Plan's Criteria

■ This court reviews de novo the district court's decision affirming the pension plan committee's denial of Huckaby's claim. *Yeager,* 88 F.3d at 381. Defendants concede that Huckaby (as well as Parson, whose claim is, on the merits, essentially the same as Huckaby's) satisfies two of the plan's four criteria for disability retirement benefits–age and length of service–but argue that Huckaby does not satisfy either of the remaining two criteria: (1) severance of service because of a disability as defined by Union Underwear's plan, and (2) determination of eligibility for disability benefits from the Social Security Administration while on approved medical leave or while receiving long-term disability benefits under a company policy.

To be eligible for disability retirement benefits, an employee's "last Severance from Service [must] occur by reason of Disability." Under the plan's definitions, an employee is "disabled" when "the Committee finds, on the basis of the opinion of a physician selected by the Committee" that the employee "has become so disabled by reason of a bodily injury or disease (whether occupational or nonoccupational) as to prevent him from engaging in any occupation or employment for renumeration or profit" and "such disability will be permanent and continuous."

Huckaby argues that he satisfies the "severance from service by reason of disability" criterion because the Social Security Administration (SSA) found that he was disabled. The SSA did find that Huckaby was entitled to receive disability benefits and that he became disabled before the Campbellsville plant closed. That Huckaby was disabled under the SSA's rules, however, does not necessarily mean that he was disabled under the rules of Union Underwear's private pension plan. *See Hurse v. Hartford Life and Accident Ins. Co.,* 77 Fed.Appx. 310, 316 (6th Cir.2003).

Union Underwear distributed to its employees materials clearly stating that entitlement to SSA disability is only one of the requirements for disability retirement benefits under the company's plan. The brochure entitled, "Your Pension Plan: 21 Important Points About Your Future," tells employees that to be eligible for disability retirement benefits, "you must meet the plan's definition of disabled" and "[i]n addition you must receive a social security disability award." At the time the plant closed, the pension plan committee had not found Huckaby to be disabled; thus, he did not meet the plan's definition of disabled and was not severed from service because of a disability. Because Huckaby does not satisfy this requirement, we need not consider the final requirement, whether the SSA determined that Huckaby was eligible for disability benefits while he was on approved medical leave or was receiving long-term disability benefits under a company plan.

### II.

For the foregoing reasons, we reverse the district court's dismissal of Parson's claim and, because Parson's claim suffers from the same defects as Huckaby's, we remand for entry of judgment in favor of defendants. We affirm the district court's judgment upholding the pension plan's decision to deny Huckaby disability retirement benefits.